MARTIN v. BRITISH AMERICAN OIL PRODUCING CO. et al.

No. 28985. April 30, 1940.

*102 P. 2d 124.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error.

Hayes, Richardson, Shartel, Gilliland & Jordan, Miley, Hoffman, Williams, France & Johnson, and Charles E. France, all of Oklahoma City, for defendants in error.

RILEY, J. Plaintiff in error commenced this action in the district court of Oklahoma county to recover damages alleged to have been caused by the acts of defendants in constructing a pipe line from the north Oklahoma City oil field to a point in the North Canadian river near the land of plaintiff and discharging through said pipe line large quantities of drilling mud, sediment, and other substances from slush pits and depositing same in the bed or channel of said river so as to form a dam in the bed of said river near the land of plaintiff and thus back the water in the channel of the river, where it flows through plaintiff's land, and change the current or channel of the stream so as to wash away the banks of the river and a large area of plaintiff's land.

Defendants answered by general denial, and by affirmative allegations in substance that plaintiff's land consists in part of overflow land near the river, and that any injury done to plaintiff's land was caused by the waters of the river, which, frequently changes its course, causing the adjacent lands to be flooded, washed away, and covered with sand and debris, and that injury to plaintiff's land, if any, was the result of excessive rainfall and high waters in the river; an act of nature over which defendants had no control.

The cause was tried to a jury, resulting in a verdict and judgment for defendants, and plaintiff appeals. At the trial defendants admitted the construction and use of the pipe line substantially as alleged and claimed by plaintiff, except they denied that the pipe line carried drilling mud or other substances other than "muddy" water.

The petition in error sets forth seven assignments of alleged error. But four are presented in the brief.

They are: (1) Error in overruling the motion for new trial; (2) error in giving improper and erroneous instructions to the jury; (3) plaintiff did not have a fair trial because the issues were not properly submitted to the jury on instructions of the court; and (4) the verdict is contrary to law.

These four assignments are presented under two propositions. The first is: The court erred as a matter of law in the instructions to the jury as to the legal duty of defendants, and the legal rights of plaintiff covering the basis of liability, and thereby plaintiff was denied his legal rights and a fair trial.

Under this proposition plaintiff complains of but one instruction given by the court. It is instruction No. 12, as follows:

"You are instructed that the act of the defendants in pumping excess drilling water into the North Canadian river was not of itself an unlawful act, and that such an act becomes unlawful only when done in such a manner that it constitutes an unreasonable use of the river, and the approximate cause of injury to the rights of another. Whether the particular use is reasonable or unreasonable is a question of fact for you to determine in the light of all of the circumstances."

In support of plaintiff's contention that this instruction is erroneous, he cites Chicago, R. I. & P. Ry. Co. v. Groves, 20 Okla. 101, 93 P. 755; Zalaback v. City of Kingfisher, 59 Okla. 222, 158 P. 926, and the general rule of the rights of riparian owners as stated in 40 Cyc. 568.

The rule stated in the cases and text cited is in substance as stated in Chicago, R. I. & P. Ry. Co. v. Groves, supra:

"Where the common law prevails, every proprietor, upon water flowing in a defined channel, so as to constitute a water course, has the right to insist that the water shall continue to run as it has been accustomed, and no one can change or obstruct its course injuriously to him without being liable to damages."

In the cases cited and many others the rule there stated is followed.

The rule was restated in substantially the same language in Burkett v. Bayes, 78 Okla. 8, 187 P. 214.

The rule is well established, but we fail to see wherein the instructions complained of violate or conflict with it.

The issue in the instant case is not whether defendants lawfully or unlawfully pumped excess drilling water into the river. The controverted question of fact was whether the water so pumped into the river carried with it solid matter consisting of drilling mud, base sediment, etc., and deposited same in the bed of the river so as to form an embankment or dam in the river and thereby cause the water to wash away and destroy plaintiff's land. The evidence of plaintiff tended to prove that the water did carry with it large quantities of drilling mud, sediment, etc., and deposit in the bed of the river so as to raise the bed or channel of the stream at and below the mouth of the pipe line some 4½ feet and back the water up against the banks of the river and cause the current to change so as to wash away part of plaintiff's land. The evidence of defendants was to the effect that the water pumped through the line into the river did not carry mud, or other sediment, and that neither change of the channel of the river nor the washing away of banks and plaintiff's land was caused by any deposit from the pipe line, but from the natural flow of water in the river in times of flood.

The court submitted that issue to the jury under an instruction requested by the plaintiff in its instruction No. 15, in which was included the following:

"You are further instructed on the law of this case that each and every owner of land upon and along the Canadian river has the right to the natural and unobstructed flow of said river and that no person, firm or corporation has the right to dam up or obstruct the flow of the North Canadian river in any manner in the conduct of the business of any such firm or corporation."

It cannot be said that plaintiff did not have the benefit of the rule of law for which he contends.

It must be borne in mind that the theory of defendants was that they had deposited nothing more than "muddy" water in the river, and as stated above, defendants introduced evidence tending to support this defense.

It is well settled that right of a riparian owner to the use of the waters of a stream is a qualified and not an absolute right of property, and as between different riparian owners each one is limited to a reasonable use, with due regard to the rights and necessities of others interested. It is the right of all to have the stream substantially preserved in its natural size, flow, and purity, and protection against material diversion or pollution. The rights of each, therefore, must be consistent with the rights of others. 27 R.C.L. 1081.

It was apparently upon this general rule that the court based the instruction objected to by plaintiff. One riparian owner may use the water of the stream as he deems proper, so long as the use thereof is reasonable and does not tend to injure or damage other riparian owners. A riparian owner may also grant to one who is not a riparian owner the reasonable use of the stream within the boundaries of the land of such riparian owner, such as the use of the stream as a pleasure resort or other legitimate use.

If under such conditions a controversy should arise as to whether such use was reasonable, and the evidence is in conflict on the question of the nature of the use, the question would be one of fact for the jury.

There was uncontradicted evidence tending to show that defendants obtained permission from the owner of the tract or lot on which the outlet of the pipe line was located. It is true that plaintiff claimed the ownership by prescription of that particular tract, but abandoned the claim at the trial.

Under the record we hold that there was no error in the instruction.

The second proposition is that defendants had no ownership in the land abutting on the river, and therefore, had no riparian rights, and their use of the river channel made them naked trespassers.

Thereunder plaintiff asserts that defendants were mere trespassers, and therefore had no right to the use of the stream, reasonable or otherwise.

But, as stated above, there was evidence, not contradicted, tending to show permission by a riparian owner. This being so, they were not mere trespassers, and their liability would depend upon whether the use made was unreasonable and was the proximate cause of the injury to plaintiff's land.

There being no prejudicial error, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.